68

# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Recyc Systems, Inc., et al.

v.

Spotsylvania County et al.

February 9, 2004

Case No. CH01-711

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this suit, the plaintiffs ask the court to nullify zoning provisions adopted by Spotsylvania County related to the application of biosolids (treated sewage sludge) on farmland.

The plaintiffs have constructed the following syllogism: the State has pre-empted the field by creating a comprehensive scheme of regulation of the land application of biosolids; the County zoning provisions adopted on September 25, 2001, are inconsistent with State law; therefore, the zoning provisions are void. Because no additional facts would change the result, the plaintiffs move for summary judgment under Rule 2:21.

The County rejects the syllogism, of course, arguing instead that the County has authority to adopt reasonable zoning laws related to land application of biosolids and that its zoning laws are not inconsistent with State law. The County disputes the assertion that the State statutes pre-empt the field. The County agrees that no additional facts are necessary, and it, too, moves for summary judgment.

## Background

On September 25, 2001, the County adopted amendments to its zoning ordinance, Ordinance 23-85, that allow the land application of biosolids in

an "agricultural and forestal district"; prohibit such activity in the River Overlay and Reservoir Overlay districts; and allow the activity in other agricultural districts by special use permit.

A month later, the plaintiffs instituted this declaratory judgment suit. Recyc Systems is in the business of applying biosolids to farmland. It has received permits from the Virginia Department of Health (VDH) to apply biosolids to lands owned by the other plaintiffs, subject to certain conditions. The other plaintiffs own farmland in the "Overlay" areas of the County where biosolids are banned, except for one of the Englands' farms which is located in an agricultural district outside the "Overlay" areas, so that a special use permit would be required.

As noted above, the plaintiffs ask the court to declare the County zoning provisions related to biosolids void on the ground that the County has no authority to adopt such provisions because they are inconsistent with State law.

After extensive memoranda were submitted and counsel argued their positions on December 15, 2003, the court took the matter under advisement

*Analysis*

Without doubt, the County has authority to adopt zoning provisions that divide the territory of the County into districts and to regulate within each district the use of land, structures, and other specific uses, including provisions to protect surface water and ground water. Virginia Code § 15.2-2280, et seq. Such authority endures even when the State enacts legislation that regulates an activity addressed in the local zoning ordinance, as long as the local ordinance is not inconsistent with the legislation. See *Resource Conservation Management v. Prince William County*, 238 Va. 15 (1989).

Ten years ago, the General Assembly enacted Virginia Code § 32.1-164.5 governing the land applications of biosolids. Among other things, the legislation called for the promulgation of regulations by VDH and the establishment of a statewide permit system pursuant to those regulations. As directed, VDH promulgated Biosolids Use Regulations (12 VAC 5-585-10, et seq.) and created machinery to issue and regulate permits.

In 1999, Amelia County adopted a zoning ordinance banning the placement of biosolids on any land in the County. Several owners of farmland in agricultural districts of Amelia County filed suit, arguing that the zoning ordinance contravened Virginia Code § 1-13.17, which prohibits the enactment of local ordinances that are inconsistent with State laws.

Declaring that the County ordinance was void, the Supreme Court restated

the principle that a local government cannot forbid what the legislature has expressly authorized. The General Assembly, the Court pointed out, has expressly authorized the land application of biosolids conditioned upon a VHD permit by the enactment of § 32.1-164.5. *Blanton v. Amelia County*, 261 Va. 55 (2001).

In what may be described as dicta, the Court in *Blanton* made an observation that provides fuel for this litigation:

> It is true that [the VDH Biosolids Use Regulations] contemplate that local governments will have some involvement in the field of biosolids use regulation. ... Code § 32.1-164.5 and the Biosolids Use Regulations promulgated pursuant to this statute do not prohibit a local government from enacting ordinances which may affect the land application of biosolids. However, local ordinances and requirements must not be inconsistent with Virginia Code § 32.1-164.5 or the Biosolids Use Regulations.

But the progression of developments in this field did not end with *Blanton*.

During the 2001 legislative session, after *Blanton* was decided, the General Assembly amended § 62.1-44.19:3(C). The amendment provides in pertinent part: "Any [local government] may adopt an ordinance that provides for the testing and monitoring of the land application of sewage sludge within its political boundaries to ensure compliance with applicable laws and regulations."

The following year, the county attorney for Sussex County asked the Attorney General whether Sussex County could adopt a zoning ordinance requiring a conditional use permit for the land application (or storage) of biosolids. In response, the Attorney General opined that the totality of State legislation, including the newly-enacted § 62.1-44.19:3, "expressly limits the authority of localities to regulate biosolids activities." Thus, he concluded, the comprehensive State program regulating the use of biosolids clearly indicates that the State "occupies the field of [biosolids] disposal, treatment, and management, and a local ordinance requiring a conditional use permit "is pre-empted by the comprehensive State program." Op. Va. Att. Gen. 01-085 (March 29, 2002). Interestingly, the opinion did not discuss or even make reference to *Blanton*, decided the previous January.

In February of 2002, Appomattox County amended its zoning ordinance to prohibit the land application of biosolids everywhere in the County except in a new "Intensive Farming Overlay District." To qualify, a landowner would have to apply for a rezoning, much as if he or she were seeking a special use

permit.

Various Appomattox County landowners filed suit in federal court seeking to enjoin the County from enforcing the ordinance. In *O'Brien v. Appomattox County*, 213 F. Supp. 2d 627 (W.D. Va. 2002), the U.S. District Court for the Western District granted the injunction, finding that the "comprehensive and thorough State-level controls" now limit local government authority in the field only to testing and monitoring.

"In sum," that court said, "it appears that counties have no authority to regulate biosolids beyond their powers to conduct testing and monitoring." The County correctly notes that the decision in *O'Brien* involved only the grant of a preliminary injunction pending a determination on the merits. The plaintiffs correctly point out that the decision was affirmed on appeal by the Fourth Circuit in August 2003. In any event, Judge Norman Moon's analysis in his *O'Brien* opinion is persuasive, concise, and pertinent here.

Finally, in 2003, the General Assembly enacted additional legislation related to the land application of biosolids, and again addressed the role of local governments vis-a-vis VDH. See e.g., Virginia Code § 32.1-164.7.

The Spotsylvania County ordinance does not establish a complete ban on the land application of biosolids. This fact distinguishes the case from *Blanton*. Further, the Spotsylvania County ordinance does not require landowners to obtain a special use permit, conditional use permit, or rezoning regardless of their location in the County in order to apply biosolids to farmland. To some extent, this fact distinguishes this ordinance from those examined in the Attorney General's official opinion and in *O'Brien*.

Nevertheless, as the plaintiffs emphasize, *Blanton* clearly established the fundamental principles applicable to the regulation of biosolids, and subsequent legislation makes the Attorney General's opinion and *O'Brien* necessary and appropriate extensions of *Blanton*, so that all local zoning ordinances that now attempt to regulate or control land application of biosolids in agricultural zones are inconsistent with State law except those related to testing and monitoring under § 62.1-44.19:3(C). This court agrees with the plaintiffs.

Further, the Spotsylvania County ordinance completely bans the land application of biosolids in the so-called Overlay districts, which comprise large portions of the agricultural districts. In other parts of the agricultural districts, special use permits would be required. Only in a special "agricultural and forestal district" is the activity permitted by right. But there is no agricultural and forestal zoning district in the County. Rather, that term refers to the County's comprehensive plan which in turn refers to enabling legislation relating to the establishment of certain districts under the

Agricultural and Forestal District Act. See Virginia Code § 15.2-4300, et seq. Under those provisions, a landowner must apply for the creation of a district or to join a district. Thus, the concept of a "by right" land application of biosolids is well-nigh illusory.

## Decision

The court is of the opinion that the Commonwealth of Virginia has pre-empted the field related to regulation of biosolids, even beyond that addressed in *Blanton*, except for those local regulations permitted in § 62.1-44.19:3(C). Thus, the subject ordinance is inconsistent with State law and, therefore, void. Further, the court is of the opinion that, even if the State has not pre-empted the entire field (except for § 62.1-44.19:3(C)) through its comprehensive scheme of regulation, the subject ordinance is nevertheless void because its comprehensively restrictive extent makes it incompatible with State law, for the reasons explained above.